Reversed and Rendered and Majority and Dissenting Opinions filed
December 22, 2005









Reversed and Rendered and
Majority and Dissenting Opinions filed December 22, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00981-CV

_______________

 

 

IN RE F.M.

__________________________________________________________

 

On Appeal from the Probate Court

Galveston County, Texas

Trial Court Cause No. 2322 & 2322A

__________________________________________________________

 

D I S S E N T I N G  
O P I N I O N

 








Among
other things, F.M.=s doctor testified, and the trial court found, that she is
mentally ill (bipolar manic) and that, as a result of that mental illness, she
is:  suffering severe and abnormal mental
or emotional distress; experiencing substantial mental deterioration of her
ability to function independently, as exhibited by her inability to provide for
her basic needs, including safety; and unable to make a rational and informed
decision as to whether or not to submit to treatment.[1]  The evidence at the hearing included her
doctor=s testimony that:  (1) she can get very angry very quickly; (2)
she had refused at least one cancer radiation treatment; (3) when asked by her
doctor about taking a medication called Abilify, which she had previously told
him was Areally good medicine,@ she became angry and told him that
it had caused her cancer and caused her to drink alcohol and caffeine; (5)
immediately after her previous release from the treatment facility, she was
brought back; (6) she had been inconsistent in following through with treatment
after agreeing to it; that is, she had told her doctor in the past that she
would follow a suggested course of action, but then refused for reasons that
made sense to her; (7) she doesn=t believe she has bipolar illness;
and (8) if she is not treated with psychoactive medications, she will continue
to deteriorate.  In addition, F.M.=s own testimony included the
following:

Q.        [B]ut you=re
telling me now and you=ve told the doctor that you would be agreeable to not
only start but continue and stay with the radiation treatments or whatever
medications they wanted to give you for your cancer; is that correct?

A.        For
my cancer?

Q.        Right. 
Let=s start with that first because that=s why this all changed around because you were
refusing treatment for your cancer.

A.        The
only thing I need for my cancer is calcium according to my nurse.

Q.        Well, okay, but the doctor thinks you
may need something more than that and you=re not taking
that and he can=t do anything about it which is why he=s recommending you be sent to Austin.








A.        Well, the reason I don=t take that is because it=s on my allergy strap considered by the gentleman in
the biopsy room, okay, and I have to stay away from caffeine because I=m an LSD victim. 
Caffeine, alcohol, marijuana, stress, blinking lights and the mercury
drug report fatigue.  And the reason I
initially denied the radiation was because I was afraid I would fall into so
much fatigue but I saw Dr. Hatch on TV yesterday at dinner time and then the
next day at lunch time with the names of Dr. Hoff and a gentleman that I saw
there the other day, and she told me it=s five
days perfected and that it=s truly state of the art as my surgeon said.  Everything was state of the art.

*          *          *          *

Q.        Is there anything else that you want to
tell the judge?

A.        I=m not
bipolar or manic depressive.  I am an LSD
victim which appears that way which I told Dr. Early.  I told the signs.  I even had blinking lights in the fire drill
the other day and a Ablink, blink@
fluorescent light this morning in my bathroom. . . .  And I am Post Traumatic Stress Disorder
because of my soldier in Cambodia missing in action.

Because I believe
this evidence is legally sufficient to show recent overt acts and/or a
continuing pattern of behavior that tended to confirm F.M.=s distress and deterioration of her
ability to function, I would affirm the judgment of the trial court.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and Dissenting Opinions
filed December 22, 2005.

 

Panel consists of Justices Edelman, Seymore, and
Guzman.  (Seymore, J., majority).  

(Guzman, J., concurs in result only without an
opinion.)

 

 

 











[1]           See
Tex. Health & Safety Code Ann.
' 574.034(a)(1), (a)(2)(C) (Vernon 2003).